Slip Op. 19-34

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UTTAM GALVA STEELS LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>and<br><br>ARCELORMITTAL USA LLC, AK STEEL CORPORATION, STEEL DYNAMICS, INC., CALIFORNIA STEEL INDUSTRIES, INC., UNITED STATES STEEL CORPORATION, and NUCOR CORPORATION,<br><br>    Defendant-Intervenors. | Before: Jennifer Choe-Groves, Judge<br><br>Court No. 16-00162 |

OPINION AND ORDER

[Remanding the U.S. Department of Commerce's remand redetermination following an antidumping duty investigation on certain corrosion-resistant steel products from India.]

Dated: March 12, 2019

Diana Dimitriuc-Quaia and John M. Gurley, Arent Fox LLP, of Washington, D.C., for Plaintiff Uttam Galva Steels Limited. Claudia D. Hartleben, Matthew M. Nolan, and Nancy A. Noonan also appeared.

Elizabeth A. Speck, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States. With her on the brief were Joseph H. Hunt, Assistant Attorney General, Jeanne E. Davidson, Director, and Claudia Burke, Assistant Director. Of counsel on the brief was Natan P.L. Tubman, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C.

Paul W. Jameson and Roger B. Schagrin, Schagrin Associates, of Washington, D.C., for Defendant-Intervenors Steel Dynamics, Inc. and California Steel Industries, Inc.  Christopher T. Cloutier and Elizabeth J. Drake also appeared.

R. Alan Luberda and Melissa M. Brewer, Kelley Drye & Warren, LLP, of Washington, D.C., for Defendant-Intervenor ArcelorMittal USA LLC.  David C. Smith, Jr., Kathleen W. Cannon, and Paul C. Rosenthal also appeared.

Stephen A. Jones and Daniel L. Schneiderman, King & Spalding, LLP, of Washington, D.C., for Defendant-Intervenor AK Steel Corporation.

Timothy C. Brightbill and Maureen E. Thorson, Wiley Rein, LLP, of Washington, D.C., for Defendant-Intervenor Nucor Corporation.  Tessa V. Capeloto, Alan H. Price, Adam M. Teslik, Christopher B. Weld, Cynthia C. Galvez, Derick G. Holt, Laura El-Sabaawi, Stephanie M. Bell, and Usha Neelakantan also appeared.

Thomas M. Beline and Sarah E. Shulman, Cassidy Levy Kent (USA) LLP, of Washington, D.C., for Defendant-Intervenor United States Steel Corporation.

      Choe-Groves, Judge:  This case concerns Commerce's methodology when calculating a respondent's duty drawback adjustment.  Plaintiff Uttam Galva Steels Limited ("Plaintiff" or "Uttam Galva") initiated this action challenging the final determination in an antidumping duty investigation, in which the U.S. Department of Commerce ("Commerce") found that certain corrosion-resistant steel products from India are being, or are likely to be, sold in the United States at less-than-fair value.  See Certain Corrosion-Resistant Steel Products From India, 81 Fed. Reg. 35,329 (Dep't Commerce June 2, 2016) (final determination of sales at less-than-fair value), as amended, 81 Fed. Reg. 48,390 (Dep't Commerce July 25, 2016) (amended final affirmative determination and issuance of antidumping duty orders) (collectively, "Final Determination").  Before the court are the Final Results of Redetermination Pursuant to Court Remand, Aug. 16, 2018, ECF No. 81 ("Remand Results"), filed by Commerce as directed in the court's prior opinion.  See Uttam Galva Steels Ltd. v. United States, 42 CIT __, __, 311 F. Supp.

3d 1345, 1357 (2018) ("Uttam Galva I"). For the reasons discussed below, the court concludes that Commerce's modified calculation of Uttam Galva's weighted-average dumping margin is unsupported by substantial evidence and not in accordance with the law. The Remand Results are remanded for further proceedings consistent with this opinion.

**PROCEDURAL HISTORY**

The court presumes familiarity with the facts of this case. See Uttam Galva I. The one issue in dispute was whether Commerce reasonably calculated Uttam Galva's duty drawback adjustment by allocating import duties rebated and exempted by reason of export of finished product over total cost of production. The court concluded that Commerce's methodology was not permitted under the governing statute, 19 U.S.C. § 1677a(c)(1)(b) (2012), and remanded Commerce's Final Determination with directions to recalculate Uttam Galva's duty drawback adjustment using a different methodology.

Commerce filed its Remand Results under protest on August 16, 2018. See Remand Results at 1. Commerce recalculated Uttam Galva's duty drawback adjustment by allocating import duties rebated and exempted by reason of export of finished product over total exports, as reported by Uttam Galva. See id. at 1–2. Because Commerce perceived an imbalance in its comparison between Uttam Galva's export price and normal value, Commerce made an additional circumstance of sale adjustment. See id. at 2–4. Pursuant to Commerce's modified calculations, Uttam Galva's weighted-average dumping margin changed from 3.05% in the Final Determination to 3.11% in the Remand Results. Id. at 27.

Uttam Galva filed comments on the Remand Results. See Pl.'s Comments Remand Redetermination, Sept. 25, 2018, ECF No. 86 ("Pl.'s Comments"). Defendant filed a reply to

Uttam Galva's comments.  See Def.'s Reply Comments Remand Redetermination, Oct. 25, 2018, ECF No. 88 ("Def.'s Reply").  Defendant-Intervenors Steel Dynamics, Inc., California Steel Industries, AK Steel Corporation, ArcelorMittal USA LLC, Nucor Corporation, and United States Steel Corporation also filed a reply to Uttam Galva's comments.  See Def.-Intervenors' Resp. Uttam Galva's Comments Remand Results, Oct. 25, 2018, ECF No. 87.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to Section 516A(a)(2)(B)(i) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(i), and 28 U.S.C. § 1581(c).  The court shall hold unlawful any determination, finding, or conclusion found to be unsupported by substantial evidence on the record, or otherwise not in accordance with the law.  19 U.S.C. § 1516a(b)(1)(B)(i).  The results of a redetermination pursuant to court remand are reviewed also for compliance with the court's remand order.  ABB Inc. v. United States, Slip Op. 18-156, 2018 WL 6131880, at *2 (CIT Nov. 13, 2018); SolarWorld Ams., Inc. v. United States, 41 CIT __, __, 273 F. Supp. 3d 1314, 1317 (2017).

## ANALYSIS

If Commerce finds that merchandise is being sold at less than fair value, Commerce issues an antidumping duty order imposing antidumping duties equivalent to the amount by which the normal value exceeds the export price for the merchandise.  See 19 U.S.C. § 1673.  Export price, or U.S. price, is the price at which the subject merchandise is first sold in the United States.  See id. § 1677a(a).  A duty drawback adjustment is an adjustment to export price—specifically, an increase by "the amount of any import duties imposed by the country of exportation which have been rebated, or which have not been collected, by reason of the

exportation of the subject merchandise to the United States." Id. § 1677a(c)(1)(B).  The purpose of the adjustment is to correct an imbalance and prevent an inaccurately high dumping margin by increasing export price to the level it likely would be absent a duty drawback.

Normal value represents, on the other hand, the price at which the subject merchandise is sold in the exporting country.  See id. § 1677b(a)(1)(A).  When determining the appropriate price for comparison, Commerce may make certain price adjustments, such as a circumstance of sale adjustment.  See id. § 1677b(a)(6).  The price may be

> (C) increased or decreased by the amount of any difference (or lack thereof) between the export price or constructed export price and the price described in paragraph (1)(B) (other than a difference for which allowance is otherwise provided under this section) that is established to the satisfaction of the administering authority to be wholly or partly due to--
>
>    (iii) other differences in the circumstances of sale.

Id. § 1677b(a)(6)(C)(iii).  The purpose of statutory adjustments to normal value is so Commerce can "ensure[] that there is no overlap or double-counting of adjustments."  H.R. Rep. No. 103-826, pt. 1, at 84–85 (1994), reprinted in 1994 U.S.C.C.A.N. 3773, 3857–58.

On remand, Commerce continued to grant Uttam Galva a duty drawback adjustment, but calculated the amount based on Uttam Galva's reported duties rebated and exempted by reason of export of finished product over total exports.  See Remand Results at 1–2.  Uttam Galva does not contest this aspect of the recalculation.  See Pl.'s Comments 5–6.  Uttam Galva takes issue with Commerce's subsequent circumstance of sale adjustment.  Uttam Galva argues that this increase to normal value "nullifies the duty drawback adjustment." Id. at 7.

In the Remand Results, Commerce added to Uttam Galva's normal value the difference between the duty drawback amount on U.S. sales and the amount of import duties in Uttam

Galva's reported cost of production.  See Remand Results at 8–9.  In substantiating the additional circumstance of sale adjustment, Commerce continued to rely on a reading of Saha Thai Steel Pipe (Public) Co. Ltd. v. United States, 635 F.3d 1335 (Fed. Cir. 2011) ("Saha Thai"), that the court disapproved of already in Uttam Galva I.  See Remand Results at 16–19.  Both the Remand Results and Defendant's comments in support of the Remand Results quote language from Saha Thai discussing why export price, cost of production, and constructed value "should be increased together, or not at all" in order to achieve a "duty-neutral" comparison.  See Remand Results at 18, 22; Def.'s Reply 8.  This reference to Saha Thai is taken out of context.  As explained by the court before, the quoted passage in Saha Thai relates "to an adjustment to normal value with respect to the particular facts, exemption program, and recordkeeping practices presented in Saha Thai, and should not be expanded to encompass all duty drawback adjustment calculations made by Commerce."  Uttam Galva I, 42 CIT at __, 311 F. Supp. 3d at 1355.  When viewed in this context, Saha Thai "does not support Commerce's methodology in the instant matter before this court."  Id.  Commerce's justification for the circumstance of sale adjustment is untenable in light of the court's previous interpretation of Saha Thai.

      The court reiterates that Commerce's reliance on Saha Thai is misplaced.  Saha Thai concerned Commerce's separate calculations of U.S. price and of cost of production and constructed value.  Generally, Commerce makes a duty drawback adjustment to a respondent's U.S. price to account for duties rebated and exempted by reason of exportation of the finished product to the United States.  Commerce makes a separate adjustment to a respondent's cost of production and constructed value to reflect import duties incurred when the finished product is sold in the home market.  See, e.g., Habaş Sinai ve Tibbi Gazlar Istihsal Endüstrisi A.Ş. v.

United States, Slip Op. 19-10, 2019 WL 413800, at *3–4 & n.8 (distinguishing Commerce's duty drawback adjustment to U.S. price, which the opinion refers to as the "sales-side adjustment," and Commerce's adjustment to cost of production and constructed value, which the opinion refers to as the "cost-side adjustment"). Saha Thai sustained Commerce's utilization of these two corresponding adjustments but did not hold that the two adjustments should be "equal" or "duty neutral," as Commerce and Defendant continue to espouse here. Saha Thai does not support Commerce's Remand Results.

Commerce reasoned in the Remand Results that the additional circumstance of sale adjustment was necessary to correct a perceived imbalance in the dumping margin calculation. See Remand Results at 17–18. Commerce again departs from the legislative purpose of 19 U.S.C. § 1677a(c)(1)(B) in an impermissible way. As stated in the court's previous Opinion and Order:

> The purpose of a duty drawback adjustment is to ensure a fair comparison between normal value ("NV") and export price ("EP"). Under a duty drawback program, producers may receive an exemption or rebate for imported inputs used in exported merchandise. As a result, producers are still required to pay import duties for domestically-sold goods, which leads to an increase in normal value. A duty drawback adjustment corrects this imbalance, which could otherwise lead to an inaccurately high dumping margin, by increasing EP to the level it likely would be absent the duty drawback.

Uttam Galva I, 42 CIT at __, 311 F. Supp. 3d at 1351 (internal citations and quotations omitted). The upward adjustment to export price contemplated by 19 U.S.C. § 1677a(c)(1)(B) aids Commerce's statutory duty to make a fair comparison between normal value and export price in antidumping duty investigations. Commerce's action on remand here negates the statutory duty drawback adjustment that Uttam Galva earned by exporting its finished product to the United

States and impinges on the agency's ability to make a fair comparison. The court concludes that the <u>Remand Results</u> are not in accordance with the law and remands this case again for a second redetermination.

As Plaintiff argues, Commerce's adjustment to Uttam Galva's normal value creates an additional problem within the dumping calculation. <u>See</u> Pl.'s Comments 13–15. Commerce accounts for Uttam Galva's import duties incurred when subject merchandise was sold in the home market. Specifically, Commerce makes an upward adjustment to the cost of production and constructed value, which are part of Commerce's overall calculation of Uttam Galva's normal value. Commerce's circumstance of sale adjustment in this case double-counts Uttam Galva's import duties within normal value because Commerce's original calculation incorporated already the import duties incurred for merchandise sold in the home market. <u>See</u> Mem. from A. Sepulveda to N. Halper re: Cost of Production and Constructed Value Calculation Adjustments for the Final Determination – Uttam Galva Steels Limited at 2, PD 417, bar code 3473140-01 (May 26, 2016). The court concludes that Commerce's remand redetermination is not supported by substantial evidence.

## CONCLUSION

The court concludes that Commerce's revised calculation of Uttam Galva's duty drawback adjustment is unsupported by substantial evidence and not in accordance with the law. The court remands the <u>Remand Results</u> for a second redetermination consistent with this opinion. Accordingly, it is hereby

**ORDERED** that the <u>Remand Results</u> are remanded to Commerce for further proceedings; and it is further

**ORDERED** that Commerce shall file the second remand redetermination on April 29, 2019; and it is further

**ORDERED** that the administrative record on the second remand redetermination shall be filed on May 13, 2019; and it is further

**ORDERED** that comments in opposition to the second remand redetermination shall be filed on May 29, 2019; and it is further

**ORDERED** that comments in support to the second remand redetermination shall be filed on June 28, 2019; and it is further

**ORDERED** that the joint appendix on the second remand redetermination shall be filed on July 12, 2019.

/s/ Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Dated: March 12, 2019
New York, New York