Slip Op. 19-168

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **UTTAM GALVA STEELS LIMITED,**<br><br>    Plaintiff,<br><br>v.<br><br>**UNITED STATES,**<br><br>    Defendant,<br><br>and<br><br>**ARCELORMITTAL USA LLC, AK STEEL CORPORATION, STEEL DYNAMICS, INC., CALIFORNIA STEEL INDUSTRIES, INC., UNITED STATES STEEL CORPORATION, and NUCOR CORPORATION,**<br><br>    Defendant-Intervenors. | Before: Jennifer Choe-Groves, Judge<br><br>Court No. 16-00162 |

**OPINION AND ORDER**

[Sustaining the U.S. Department of Commerce's second remand results.]

Dated: December 18, 2019

John M. Gurley and Diana Dimitriuc-Quaia, Arent Fox LLP, of Washington, D.C., for Plaintiff Uttam Galva Steels Limited.

Elizabeth A. Speck, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States. With her on the brief were Joseph H. Hunt, Assistant Attorney General, Jeanne E. Davidson, Director, and Claudia Burke, Assistant Director. Of counsel on the brief was Brandon Jerrold Custard, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C.

Roger B. Schagrin and Paul W. Jameson, Schagrin Associates, of Washington, D.C., for Defendant-Intervenors Steel Dynamics, Inc. and California Steel Industries, Inc.

Case 1:16-cv-00162-JCG   Document 111   Filed 12/18/19   Page 2 of 9

Court No. 16-00162                                                                                      Page 2

R. Alan Luberda and Melissa M. Brewer, Kelley Drye & Warren, LLP, of Washington, D.C., for Defendant-Intervenor ArcelorMittal USA LLC.

Stephen A. Jones and Daniel L. Schneiderman, King & Spalding, LLP, of Washington, D.C., for Defendant-Intervenor AK Steel Corporation.

Timothy C. Brightbill and Maureen E. Thorson, Wiley Rein, LLP, of Washington, D.C., for Defendant-Intervenor Nucor Corporation.

Thomas M. Beline and Sarah E. Shulman, Cassidy Levy Kent (USA) LLP, of Washington, D.C., for Defendant-Intervenor United States Steel Corporation.

Choe-Groves, Judge:  This action arises out of the final determination in an antidumping duty investigation by the United States Department of Commerce ("Commerce") regarding certain corrosion-resistant steel products from India.  See Certain Corrosion-Resistant Steel Products From India, 81 Fed. Reg. 35,329 (Dep't Commerce June 2, 2016) (final determination of sales at less-than-fair value), as amended, 81 Fed. Reg. 48,390 (Dep't Commerce July 25, 2016) (amended final affirmative determination and issuance of antidumping duty orders).  Before the court are the Final Results of Redetermination Pursuant to Court Remand, May 29, 2019, ECF No. 95 ("Second Remand Results").  For the reasons discussed below, the court sustains Commerce's Second Remand Results.

## PROCEDURAL HISTORY

The court presumes familiarity with the facts and procedural history of this case.  See Uttam Galva Steels Ltd. v. United States, 42 CIT __, 311 F. Supp. 3d 1345 (2018) ("Uttam Galva I") and Uttam Galva Steels Ltd. v. United States, 43 CIT __, 374 F. Supp. 3d 1360 (2019) ("Uttam Galva II").  The sole issue in Uttam Galva I was whether Commerce reasonably calculated Uttam Galva's duty drawback adjustment by allocating import duties rebated and exempted by reason of export of finished product over total cost of production.  Uttam Galva I at 1348.  The court concluded that Commerce's methodology contravened the plain language of the

underlying statute, 19 U.S.C. § 1677a(c)(1)(B), and remanded to Commerce with instructions to recalculate Uttam Galva's duty drawback adjustment. Uttam Galva I at 1357.

On remand, Commerce recalculated Uttam Galva's duty drawback adjustment by allocating import duties rebated and exempted by reason of export of finished product over total exports, as reported by Uttam Galva. Final Results of Redetermination Pursuant to Court Remand, Aug. 16, 2018, ECF No. 18 ("First Remand Results") at 1–2. Commerce made an additional circumstance of sale adjustment because Commerce perceived an imbalance in its comparison between Uttam Galva's export price and normal value. See id. at 2–4. The court concluded that: (1) Commerce's circumstance of sale adjustment double-counted Uttam Galva's import duties within normal value because Commerce's original calculation already incorporated the import duties incurred for merchandise sold in the home market, and (2) Commerce's revised calculation of Uttam Galva's duty drawback adjustment was unsupported by substantial evidence and not in accordance with the law. Uttam Galva II at 1364–65. The court remanded for further proceedings. Id. at 1365.

Commerce filed its Second Remand Results on May 29, 2019. Second Remand Results at 1–2. To remove "any perceived or actual double counting of import duties to ensure that our dumping calculation is duty neutral, meaning that the same amount of duties are accounted for on both sides of the dumping equation," Commerce amended its duty drawback calculation methodology by:

> (1) making a per-unit adjustment to U.S. price in the full amount of the per-unit duty drawback granted on export, as claimed by Uttam Galva [(the "First Adjustment")]; (2) not including imputed import duties in Uttam Galva's cost of production . . . [(the "Second Adjustment")]; (3) making a [circumstance of sale] adjustment to remove all booked import duties from constructed value . . . and from Uttam Galva's reported home market prices [(the "Third Adjustment")]; and (4) making another [circumstance of sale] adjustment to [constructed value] and home

>market price to add the same amount of the per-unit amount of import duties added to U.S. price [(the "Fourth Adjustment")].

Id. at 2.  Under Commerce's modified calculations, Commerce assigned Uttam Galva a weighted-average dumping margin of 0.00 percent.  Id. at 16.

Plaintiff Uttam Galva filed comments on the Second Remand Results.  Pl.'s Cmts. on the Second Remand Redetermination, June 28, 2019, ECF No. 98 ("Pl.'s Cmts.").  Defendant-Intervenors ArcelorMittal USA LLC, AK Steel Corporation, Steel Dynamics, Inc., California Steel Industries, United States Steel Corporation, and Nucor Corporation filed comments.  Def-Intervenors' Cmts. in Opp'n to the Second Remand Redetermination, June 28, 2019, ECF No. 97 ("Def-Intervenors' Cmts.").  Defendant United States ("Defendant" or "Government") filed a reply and a corrected reply.  Def.'s Reply to Cmts. on Second Remand Redetermination, Aug. 12, 2019, ECF No. 102; Def.'s Corrected Reply to Cmts. on Second Remand Redetermination, Aug. 20, 2019, ECF No. 107 ("Def.'s Reply").

**JURISDICTION AND STANDARD OF REVIEW**

The court has jurisdiction pursuant to 19 U.S.C. § 1516a(a)(2)(B)(i), and 28 U.S.C. § 1581(c).  The court shall hold unlawful any determination, finding, or conclusion found to be unsupported by substantial evidence on the record, or otherwise not in accordance with the law. 19 U.S.C. § 1516a(b)(1)(B)(i).  The results of a redetermination pursuant to court remand are reviewed also for compliance with the court's remand order.  See ABB Inc. v. United States, 42 CIT __, __, 2018 WL 6131880, at *2 (CIT Nov. 13, 2018).  Even though Uttam Galva has received a weighted-average dumping margin of 0.00 percent, Commerce protests the parts of the methodology it finds itself compelled to accept, as do Defendant-Intervenors.  Second Remand Results at 2; Def-Intervenors' Cmts. at 4.  The court considers the entire methodology to be at issue.

## ANALYSIS

On remand, Commerce granted Plaintiff the full duty drawback adjustment that Plaintiff claimed (the First Adjustment) and made three additional circumstance of sale adjustments (the Second, Third, and Fourth Adjustments). Second Remand Results at 2. Uttam Galva suggests that the Second, Third, and Fourth Adjustments are extraneous, but neither makes a legal challenge to any of the adjustments nor requests that the court remand to Commerce. Pl.'s Cmts. at 4. The Government argues that all four adjustments are needed. Def.'s Reply. at 10.

A duty drawback adjustment is an adjustment to export price, i.e., an increase by "the amount of any import duties imposed by the country of exportation which have been rebated, or which have not been collected, by reason of the exportation of the subject merchandise to the United States." 19 U.S.C. § 1677a(c)(1)(B). The purpose of a duty drawback adjustment is to correct an imbalance and to prevent an inaccurately high dumping margin by increasing export price to the level the export price likely would be absent a duty drawback.

Normal value represents the price at which the subject merchandise is sold in the exporting country. See id. § 1677b(a)(1)(A). When determining the appropriate price for comparison, Commerce may make certain price adjustments, such as a circumstance of sale adjustment. See id. § 1677b(a)(6). Under the statute, the price may be:

> (C) increased or decreased by the amount of any difference (or lack thereof) between the export price or constructed export price and the price described in paragraph (1)(B) (other than a difference for which allowance is otherwise provided under this section) that is established to the satisfaction of the administering authority to be wholly or partly due to– . . .
>
>   (iii) other differences in the circumstances of sale.

Id. § 1677b(a)(6)(C)(iii). The purpose of statutory adjustments to normal value is to "ensure[] that there is no overlap or double-counting of adjustments." H.R. Rep. No. 103-826, pt. 1, at 84–85 (1994), reprinted in 1994 U.S.C.C.A.N. 3773, 3857–58.

"[T]he Secretary will make circumstances of sale adjustments under section 773(a)(6)(C)(iii) of the Act [19 U.S.C. § 1677b(a)(6)(C)(iii)] only for direct selling expenses and assumed expenses." 19 C.F.R. § 351.410(b). Direct selling expenses are "expenses, such as commissions, credit expenses, guarantees, and warranties, that result from, and bear a direct relationship to, the particular sale in question." 19 C.F.R. § 351.410(c). Assumed expenses are "selling expenses that are assumed by the seller on behalf of the buyer, such as advertising expenses." 19 C.F.R. § 351.410(d).

1. Commerce's First Adjustment Is In Accordance With The Law

Uttam Galva does not contest Commerce's First Adjustment, which provides for a duty drawback adjustment, and contends that Commerce needed only to make the First Adjustment to comply with the court's orders. Pl.'s Cmts. at 4. Defendant recognizes that Commerce is subject to a statutory obligation to calculate a duty drawback adjustment. Def.'s Reply at 11. Defendant-Intervenors argue that Commerce should make an adjustment to cost of production for imputed (uncollected) duties. Def-Intervenors' Cmts. at 5–6 (citing Saha Thai Steel Pipe (Public) Company Ltd. v. United States, 635 F.3d 1335 (Fed. Cir. 2011) ("Saha Thai")). In substantiating Commerce's circumstance of sale adjustments, Defendant and Defendant-Intervenors rely on a reading of Saha Thai that the Court previously disapproved of in Uttam Galva II. Def.'s Reply at 15–16; Uttam Galva II at 1363. On remand, Commerce removed the adjustment to cost of production that Defendant-Intervenor now seeks to reintroduce. Def-Intervenors' Cmts. at 3. Commerce's removal of this adjustment to cost of production on remand is in accordance with Uttam Galva II and the court sustains Commerce's removal of the adjustment to cost of production. Uttam Galva II at 1363. Both Defendant and Defendant-Intervenors quote language from Saha Thai discussing the illogic of increasing export price

without then calculating normal value based on an increased cost of production and constructed value.  The quoted passage in Saha Thai relates "to an adjustment to normal value with respect to the particular facts, exemption program, and recordkeeping practices presented in Saha Thai, and should not be expanded to encompass all duty drawback adjustment calculations made by Commerce."  Uttam Galva II at 1363 (quoting Uttam Galva I at 1355).  Defendant-Intervenors quote the following passage:

> The government determined that adding exempted import duties to [export price] without also including the exempted duties in [cost of production] and [constructed value] could have unfairly distorted the dumping margin in Saha's favor. In Commerce's view, it should follow the "matching principle" in making such calculations, which is the basic accounting practice whereby expenses are matched with benefits derived from them. . . . We agree that Commerce reasonably decided that any increase to [export price] pursuant to a duty drawback adjustment should be accompanied by a corresponding increase to [cost of production] and [constructed value]. As discussed above, the entire purpose of increasing [export price] is to account for the fact that the import duty costs are reflected in [normal value] (home market sales prices) but not in [export price] (sales prices in the United States). An import duty exemption granted only for exported merchandise has no effect on home market sales prices, so the duty exemption should have no effect on [normal value]. Thus, because [cost of production] and [constructed value] are used in the [normal value] calculation, [cost of production] and [constructed value] should be calculated as if there had been no import duty exemption. It would be illogical to increase [export price] to account for import duties that are purportedly reflected in [normal value], while simultaneously calculating [normal value] based on a [cost of production] and [constructed value] that do not reflect those import duties. Under the "matching principle," [export price], [cost of production], and [constructed value] should be increased together, or not at all.

Def-Intervenors' Cmts. at 3 (quoting Saha Thai at 1342–43); see Def.'s Reply at 16 (quoting a subset of the text Defendant-Intervenors quote).

Because Commerce calculated a duty drawback adjustment as directed in accordance with 19 U.S.C. § 1677a(c)(1)(B), the court concludes that Commerce's First Adjustment is in accordance with the law.

2. <u>Commerce's Second, Third, And Fourth Adjustments</u>

On remand, Commerce made three circumstance of sale adjustments but calculated a 0.00 percent weighted-average dumping margin. Uttam Galva suggests that the circumstance of sale adjustments are extraneous, but neither makes a legal challenge to the Second, Third, or Fourth Adjustments nor requests that the court remand to Commerce. Pl.'s Comments at 4–5. Defendant contends that the import duties at issue are a direct selling expense under 19 C.F.R. §§ 351.410(b) and (c) and qualify for a circumstance of sale adjustment. Def.'s Reply at 13, 14; <u>Second Remand Results</u> at 13.

Defendant's justifications for the Second, Third, and Fourth Adjustments are suspect. A duty results from the operation of law; it is an expense unlike "commissions, credit expenses, guarantees, and warranties" and further is not "assumed by the seller on behalf of the buyer, such as advertising expenses." 19 C.F.R. §§ 351.410(c) and (d). The duty imposed in this matter is neither a direct selling expense nor an assumed expense as defined in 19 C.F.R. § 351.410. The Second, Third, and Fourth Adjustments are not supported by either the statute's text or Commerce's implementing regulation. The Second Adjustment does not include imputed import duties in Uttam Galva's cost of production, and the Third Adjustment removes all booked import duties from constructed value and from Uttam Galva's reported home market prices. <u>Second Remand Results</u> at 2. The Fourth Adjustment negates the duty drawback adjustment provided for by the First Adjustment.

Commerce's circumstance of sale adjustments do not result from circumstances concerning the sale of merchandise because "[t]he duty drawback adjustment [instead] resulted from the operation of law." <u>See</u> <u>Habaş II</u> at 26, 21–22. The Second, Third, and Fourth Adjustments concern the imposition of a duty, not a circumstance of sale. <u>Compare</u> 19 U.S.C.

§ 1677a(c)(1)(B) with 19 C.F.R. §§ 351.410(b), (c), and (d) (identifying types of expenses properly subject to a circumstance of sale adjustment).  Commerce used the Second and Third Adjustments to provide the portion of the duty drawback adjustment due to Uttam Galva that were attributable only to the rebate program (not the exemption programs) in which it participated.  Second Remand Results at 15.  Commerce is not permitted to "use the [circumstance of sale] provision to effectively writ[e] [a separate adjustment] section out of the statute."  Habaş Sinai Ve Tibbi Gazlar Istihsal Endüstrisi, A.Ş. v. United States, 2019 WL 5270152 at *22 (Ct. Intl. Trade Oct. 17, 2019) (internal quotation marks omitted); see also Zenith Electronics Corp. v. United States, 988 F.2d 1573, 1581 (Fed. Cir. 1993).  When Commerce makes an adjustment, it should rely on the relevant statutory provision; in this case and on these facts, that provision is 19 U.S.C. § 1677a(c)(1)(B).  Because Plaintiff neither contests the legality of the Second, Third, and Fourth Adjustments nor requests that the court remand, the court sustains the Second Remand Results.

## CONCLUSION

For the reasons set forth above, the court sustains Commerce's second remand redetermination.  Judgment will be issued accordingly.

/s/ Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Dated:  December 18, 2019
         New York, New York